UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CASTELLY S. D.,

Petitioner,

v.

WARDEN,

Respondent.

Case No. 1:26-cv-06678-JLT-FJS (HC)

(A-Number: 240-227-582)

FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS
(ECF No. 1)

FOURTEEN (14) DAY DEADLINE

Plaintiff Castelly S. D.[1] ("Petitioner") is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

I. FACTUAL SUMMARY

Petitioner is a native and citizen of Haiti. (ECF No. 6 at 35.) Petitioner was admitted to the United States on August 15, 2021, as a nonimmigrant visitor (B-2), with authorization to remain in the United States for a temporary period not to exceed February 14, 2022. (*Id.* at 6–8.) On or about October 30, 2023, Petitioner was arrested by Orlando-area police officers pursuant to an

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only the first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

out-of-county warrant. (*Id.* at 10–33.) Petitioner pled nolo contendere to the charges and was sentenced to a term of probation. (*Id.* at 16–33.)

On February 18, 2026, ICE ERO officers encountered Petitioner at the county probation office and arrested him for violation of the Immigration and Nationality Act. (*Id.* at 35–37.) Petitioner was subsequently served with a Notice to Appear, charged as a visa overstay. (*Id.* at 6–8.)

On July 28, 2026, an order of removal was issued against Petitioner. (*Id.* at 48–51.) The appeal period expired on August 27, 2026. (*Id.*) No appeal was filed with the Board of Immigration Appeals. (*Id.* at 53–55.)

Petitioner filed the instant petition on August 21, 2026, while detained at the Mesa Verde ICE Detention Facility. (ECF No. 1.) Respondent filed an answer to the petition on September 12, 2026. (ECF No. 6.) Respondent contends that the petition should be denied because Petitioner is currently within the 90-day removal period following a final order of removal and Petitioner has not shown that his detention is unlawful. (*Id.* at 2–3.)

## II. JURISDICTION

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011)). Pertinent here, the Supreme Court specifically directed that federal courts have jurisdiction to review a constitutional challenge to a non-citizen's detention. *See Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III. DISCUSSION

Pursuant to 8 U.S.C. § 1231(a)(1)(B), the removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). Thus, Petitioner's removal period began on August 28, 2026, the date his removal order became administratively final.[2] (*See* ECF No. 6 at 48–51, 53–54.) *See also Avilez v. Garland*, 69 F.4th 525, 535 (9th Cir. 2023) (holding that the government's authority to detain under 8 U.S.C. § 1226(c) applies during the administrative and judicial phases of removal proceedings). Accordingly, Petitioner is currently subject to the 90-day removal period set forth in § 1231(a)(1)(A). During this removal period, "the Attorney General *shall* detain the alien." 8 U.S.C. § 1231(a)(2)(A) (emphasis added). As Petitioner is now within the 90-day removal period set forth in § 1231(a)(1)(A), his detention is mandatory, and Petitioner is not entitled to a bond hearing or release at this time. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (invoking the constitutional avoidance doctrine and holding that after six months of confinement under 8 U.S.C. § 1231, an alien who can "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" may seek release). The petition should be dismissed.

## IV. RECOMMENDATION

Based on the foregoing, the court HEREBY RECOMMENDS that the petition for writ of habeas corpus, (ECF No. 1), be dismissed.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with a copy of these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections. The parties are advised that failure to file objections within the

[2] There is no argument that either §§ 1231(a)(1)(B)(ii) or (iii) applies here.

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated: **October 1, 2026**

UNITED STATES MAGISTRATE JUDGE